UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RICHARD ROGUE,
Plaintiff,

v.

PRISONER
CASE NO. 3:11-cv-2000(SRU)

FRANK A. IANNOTTI, ET AL.,
Defendants.

**INITIAL REVIEW ORDER**

The plaintiff, Richard Rogue, is currently incarcerated at the Willard-Cybulksi Correctional Institution. He has filed this action *pro se* pursuant to 42 U.S.C. § 1983 and names Judge Frank A. Ianotti, Judge Jane B. Emons, Eddie Rodriguez, Jr., Marc Durso, Commissioner Leo Arnone, the State of Connecticut and Jean Zingaro as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that on June 13, 2010, police officers arrested him on charges of larceny in the third degree and interfering with a police officer. On January 25, 2011, a violation of probation charge was terminated. On March 15, 2011, he participated in a violation of probation hearing and the court found him guilty of violating the conditions of his probation. On July 14, 2011, the State of Connecticut dismissed the larceny charge.

The plaintiff claims that he was charged twice for the same offense in violation of the Double Jeopardy Clause of the Fifth

Amendment. He seeks five million dollars in monetary damages.

It is well-settled that neither a state nor a state agency is a "person" within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983). All section 1983 claims against the State of Connecticut are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

To the extent that the Judges Iannotti and Emons presided over any of the plaintiff's criminal or probation revocation proceedings, they are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges are immune from suit, not just from the ultimate assessment of damages). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citations and internal quotation marks omitted). Judicial immunity is overcome in only two situations. A judge is not immune from suit for actions not taken in his judicial capacity or for actions that are judicial in nature but taken in the absence of all jurisdiction. *See Mireles*, 502 U.S. at 11 (citations omitted).

Presiding over criminal cases as well as probation revocation matters are judicial acts within the jurisdiction of a state court judge. The court concludes that neither exception to

judicial immunity is applicable. Because Judges Emons and Ianotti are protected from suit by the doctrine of judicial immunity, the plaintiff's claims against them are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff does not mention defendants Eddie Rodriguez, Marc Durso, Jean Zingaro or Department of Correction Commissioner Leo Arnone in the body of the complaint. Thus, the plaintiff has failed to allege that any of these defendants violated his federally or constitutionally protected rights. The claims against these defendants are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

Although the plaintiff mentions the double jeopardy clause of the Fifth Amendment and several probation proceedings as well as at least one state criminal proceeding, it is difficult to discern the plaintiff's claim. The double jeopardy clause of the Fifth Amendment protects against "second prosecution[s] for the same offense after acquittal [or] . . . conviction" and "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

The United States Supreme Court has held that "there is no double jeopardy protection against revocation of probation and imposition of imprisonment." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Furthermore, the Second Circuit has

consistently concluded that the double jeopardy clause does not provide relief to prisoners whose parole, supervised release or probation is revoked for commission of a crime. *See, e.g.*, *United States v. Meeks*, 25 F.3d 1117, 1122 (2d Cir. 1994) (holding "defendant may be both punished for the supervised-release violation and prosecuted criminally for the same conduct without implicating principles of double jeopardy"), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694, 699 (2000); *United States v. Grisanti*, 4 F.3d 173, 176 (2d Cir. 1993) (jeopardy does not attach during parole, probation, or bail revocation hearings); *Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983) ("A denial of parole is . . . not punishment for purposes of the Double Jeopardy Clause. . . .  In setting [defendant's] parole date, the [Parole] Commission did not violate the clause by giving considerations to actions for which he had previously been punished.")

The plaintiff alleges that officers arrested him on June 10, 2010 on charges of larceny and interfering with a police officer. The State of Connecticut Judicial website reflects that on March 15, 2011, the plaintiff was found guilty of a violation of probation and the court sentenced him to three years of imprisonment.  *See State v. Rogue*, Case No. F02B-CR09-0243485-S (Conn. Super. Ct. Mar. 15, 2011).  On July 14, 2011, in the Connecticut Superior Court for the Judicial District of Fairfield

at Bridgeport, the plaintiff was found guilty of interfering with a police officer and the court sentenced him to one year of imprisonment. *See State v. Rogue*, Case No. F02B-CR10-0250538-S (Conn. Super. Ct. July 14, 2011).[1] Thus, the plaintiff was convicted of one of the charges for which he was arrested on June 10, 2010.

Even if the judge dismissed the larceny charge on July 14, 2011, the prior conviction for a violation of probation, which may have been based on the larceny charge, did not violate the double jeopardy clause because the standard of proof for a revocation of probation revocation is lower than the standard of proof for a conviction. "In a criminal proceeding, substantive guilt must be established beyond reasonable doubt; a probation violation need be proven only by a preponderance of the evidence." *State v. Rollins*, 51 Conn. App. 478, 483, 723 A.2d 817, 820 (1999) (citations omitted).

Thus, a judge may revoke a defendant's probation or parole even if the defendant is not convicted of the crime for which he was arrested and upon which the parole or probation violation is based. *See United States v.* Parker, 952 F.2d 31, 33 (2d Cir. 1991) ("All that is required in a probation revocation hearing is that the district court be reasonably satisfied that the

[1] Information regarding these criminal convictions may be found at: http://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited July 5, 2012) under the name of Richard Rogue.

probationer violated the terms of [his] or her probation.”), *abrogated on other grounds by Spencer v. Kemna*, 523 U.S. 1 (1998); United States *v.* Markovich, 348 F.2d 238, 240 (2d Cir. 1965) (conviction is not a prerequisite to probation revocation); United States *ex rel. Carrasquillo v. Thomas*, 527 F. *Supp*. 1105, 1109 (D.C.N.Y. 1981) (double jeopardy clause of Fifth Amendment would not bar parole revocation proceeding based on same allegations of untried indictment dismissed with prejudice or on same charges of which defendant was acquitted after trial), *aff’d*, 677 F.2d 225 (2d Cir. 1982); *State v. Smith*, 18 Conn. App. 368, 370 n.1, 558 A.2d 257, 258 n.1 (1989) (“purpose of a probation revocation hearing is to determine whether a defendant’s conduct constituted an act sufficient to support a revocation of probation . . . rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of criminal law.”) (citation omitted). Accordingly, for all the reasons set forth above, the plaintiff’s claims are dismissed.

**Orders**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against the State of Connecticut, Eddie Rodriguez, Marc Durso, Jean Zingaro and Leo Arnone are **DISMISSED**

pursuant to 28 U.S.C. § 1915A(b)(1) and the claims against defendants Jane Emons and Frank Ianotti are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk is directed to enter judgment for the defendants and close this case.

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this Ruling and Order to the plaintiff.

**SO ORDERED** at Bridgeport, Connecticut this 10th day of September, 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

9